TODD BLANCHE
Acting Attorney General of the United States
SIGAL CHATTAH
First Assistant United States Attorney
District of Nevada
Nevada Bar Number 8264
ANDREW KEENAN
Assistant United States Attorney
400 South Virginia Street, Suite 900
Reno, Nevada 89501
(775) 784-5438
Andrew.Keenan@usdoj.gov

*Attorneys for the United States*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 3:25-cr-00043-MMD-CLB |
| Plaintiff, | |
| vs. | **Government's Response to Defendant's "Renewed Motion for District Judge Review of Magistrate Judge's Detention Order" [ECF 32]** |
| CARLOS RECINOS-VALDEZ, | |
| Defendant. | |

Certification: This response is timely.

## I.    Introduction

Defendant Carlos Recinos-Valdez renews his motion for District Judge review of the Magistrate Judge's detention order by arguing due process now requires his release. ECF No. 32. Because the relevant due process analysis could potentially require determination as to the merits of related disqualification motions, at least a portion of Recinos-Valdez's motion should be referred to Hon. David G. Campbell at this time. Regardless, Recinos-Valdez's pretrial detention continues to serve a regulatory purpose and

has not risen to the level of punitive, particularly given the length of detention, as well as the prosecution's minimal, if not wholly absent, role in the delays. Because his detention has not resulted in a due process violation at this time, the motion should be denied.

## II.    Relevant Factual and Procedural Background

On November 20, 2025, an indictment was filed charging Recinos-Valdez with one count of being a prohibited person in possession of a firearm. ECF No. 1.[1]  Recinos-Valdez made his initial appearance on November 24, 2025, and was detained. ECF No. 6.

On December 16, 2025, Recinos-Valdez filed his first motion for district judge review of the magistrate judge's detention order. ECF No. 14. The government responded. ECF No. 17. On January 6, 2026, this Court conducted a hearing and denied Recinos-Valdez's motion.[2] ECF No. 19.

Prior to that hearing, the parties filed a stipulation to continue, and trial was continued to the requested date of March 24, 2026. ECF Nos. 16, 18.

On February 25, 2026, Recinos-Valdez filed a motion to continue trial. ECF No. 26. On the same date, before the government responded, the Court granted Recinos-Valdez's motion and continued trial from March 24, 2026, to May 5, 2026. ECF No. 27.

On April 7, 2026, Recinos-Valdez filed a second motion to continue the trial date. ECF No. 31. The next day, before the government responded to the motion, the motion to continue was granted, moving the May 5 trial date to August 18, 2026. ECF No. 33.

/ / /

/ / /

---

[2] Recinos-Valdez appealed this order, which has been upheld by the Ninth Circuit. *See* ECF No. 29.

2

### III.     Argument

A due process violation occurs when detention becomes punitive rather than regulatory, meaning there is no regulatory purpose that can rationally be assigned to the detention or the detention appears excessive in relation to its regulatory purpose. *United States v. Torres*, 995 F.3d 695, 708 (9th Cir. 2021) (citing *United States v. Salerno*, 481 U.S. 739, 747 (1987)). Regulatory purposes include preventing danger to the community and ensuring that the accused will appear as required. *Id.* at 709. Such an analysis requires a case-by-case determination. *Id.* at 708. The Ninth Circuit considers three factors in determining whether a due process violation has occurred in this context: the length of the defendant's pretrial detention; the prosecution's contribution to the delay; and the evidence supporting detention under the Bail Reform Act. *Id.*

### 1. Length of Detention

Very few criminal cases delve into what period of pretrial delay is actually sufficient to trigger due process concerns in light of *Torres*. Notably, even in *Torres*, the Ninth Circuit ultimately upheld, in a drug and ammunition possession case, a 21-month delay which was at least partially occasioned by the COVID-19 pandemic. Since *Torres*, multiple courts have declined to find due process violations based on trial delays. *See United States v. Young*, No. 19-CR-00099-DKW-11, 2023 WL 2826234 (D. Haw. Apr. 7, 2023) (finding a 38-month pretrial detention did not violate due process); *United States v. Ilg*, No. 2:21-CR-00049-WFN-1, 2021 WL 5575878, at *3 (E.D. Wash. Nov. 29, 2021) (finding an 18-month pretrial detention would not violate due process).

In this case, Recinos-Valdez was indicted on November 20, 2025. Trial is now currently set for August 18, 2026. By the time of trial, Recinos-Valdez will have been

3

detained for approximately nine months on this case. A 9-month period of detention should weigh in favor of the government.

### 2. Contribution to Delay

While the case itself is more straightforward than the multiple-count conspiracy indictment charged in Recinos-Valdez's other case, similar arguments apply. The government incorporates those arguments by reference. *See United States v. Carlos Recinos-Valdez*, 3:25-cr-00010-MMD-CLB, ECF No.106.

The case was indicted November 20, 2025, and on December 29, 2025, the parties filed a stipulation to continue the trial date. Recinos-Valdez consented to that continuance. After the Court indicated it would entertain a potential due process release motion, Recinos-Valdez opted to file two motions to continue trial. The first motion resulted in a continuance of about a month and a half; the second motion resulted in a continuance until August 2026, which will likely exceed the time required for any potential disqualification issues to be resolved and/or re-raised by Recinos-Valdez. *See United States v. Carlos Recinos-Valdez*, 3:25-cr-00010-MMD-CLB, ECF No. 79 at 3 ("*Jackson* is not expected to be resolved until at least late February 2026, and potentially not until March, April, or later in the spring."). Besides these differences, again, the government relies on and incorporates all of its prior arguments with respect to its role in any alleged delay. *See United States v. Carlos Recinos-Valdez*, 3:25-cr-00010-MMD-CLB, ECF No. 106.

### 3. Evidence Supporting Detention

Again, the government hereby incorporates its prior arguments contained within filings on Recinos-Valdez's separate indictment. *See id.*

/ / /

/ / /

4

**IV.    Conclusion**

As described above, while it should not be dispositive of the ultimate issue, at least a portion of Recinos-Valdez's motion should likely be referred to Hon. David G. Campbell. Recinos-Valdez's pretrial detention continues to serve a regulatory purpose and has not risen to the level of punitive.

Based on all of the foregoing, Recinos-Valdez's motion should be denied.

DATED this 20th day of April, 2026.

Respectfully submitted,

TODD BLANCHE
Acting Attorney General


__/s/ Andrew Keenan_____
ANDREW KEENAN
Assistant United States Attorney